﻿Citation Nr: 18107544
Decision Date: 06/04/18 Archive Date: 06/02/18

DOCKET NO. 16-58 983
DATE: June 4, 2018
REMANDED
Entitlement to service connection for tinnitus is remanded.
REASONS FOR REMAND
The Veteran served on active duty from May 1979 to May 1982. 
1. Entitlement to service connection for tinnitus is remanded.
Although the Board regrets the additional delay, remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran’s appeal. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159 (2017).
Chiefly, the record indicates that the Veteran had additional service in the Army Reserve following his active duty service. In this regard, the Veteran indicated that he developed tinnitus as a result being attached to a signal battalion; however, his DD 214 only reflected service as a member of a medical company at the 97th General Hospital. See November 2016 VA Form 9. Moreover, his service treatment records indicate that he underwent an Army Reserve retention examination in March 1985, which showed a shift in audiometric thresholds. See March 1985 Service Treatment records. Thus, while it is unclear when the Veteran was attached to a signal battalion, it appears that the Veteran may have had additional service in the Army Reserve. Nevertheless, there is no indication the Agency of Original Jurisdiction (AOJ) attempted to obtain the Veteran’s Reserve service personnel or treatment records, and the AOJ has not issued a formal finding as to their unavailability. Accordingly, remand is warranted for the AOJ to attempt to acquire the Veteran’s Reserve service personnel and treatment records and, if they are unavailable, issue a formal finding in accordance with 38 C.F.R. § 3.159(e). The AOJ must undertake any development necessary to verify the dates of any such periods of ACDUTRA or INACDUTRA. 
If any additional periods of service are identified, a new VA examination and medical opinion should be provided and include consideration of whether the Veteran’s current tinnitus was otherwise related to such service. 
The matter is REMANDED for the following actions:
1. Issue notice advising the Veteran of the criteria for service connection based on any period of ACDUTRA or INACDUTRA in the Army Reserves which qualifies the Veteran for basic eligibility for veteran’s benefits. Advise the Veteran of the definitions of the types of service and the types of evidence he may submit to substantiate his claim based on both types of service.
2. Request all Reserve service treatment/personnel records and associate them with the claims file. Any negative responses should be properly documented in the record, and the procedures outlined in 38 C.F.R. § 3.159(e) should be followed. 
3. Contact the National Personnel Records Center (NPRC), the Defense Finance Accounting Service (DFAS) and/or any other appropriate source to verify any period of ACDUTRA or INACDUTRA. Note that retirement point sheets are not adequate for this purpose. All records and/or responses received should be associated with the claims file.
4. Obtain any outstanding records of pertinent medical treatment from VA or private health care providers. If these records are unable to be obtained, appropriately notify the Veteran and his representative pursuant to 38 C.F.R. § 3.159(e).
5. If, and only if, the Veteran is found to have additional verified periods of ACDUTRA or INACDUTRA, then the Veteran should be provided a VA examination to determine the nature and etiology of his tinnitus. The Veteran’s claims file, including this remand, should be made available for review by the examiner. The AOJ should also, to the extent possible, provide the examiner with a list of the Veteran’s verified periods of ACDUTRA and INACDURA, including a determination by the AOJ as to whether the Veteran was examined at the time of entry into any such periods of service.
a) If the Veteran is found to have periods of ACDUTRA and/or INACDUTRA but the AOJ is unable to identify distinct date ranges for the Veteran’s periods of ACDUTRA/INACDUTRA, the examiner must provide an opinion as to whether it is at least as likely as not (i.e., 50 percent or greater probability) that the Veteran’s tinnitus was the result of or aggravated (permanently worsened beyond its natural progression) by any period of ACDUTRA and/or INACDUTRA.
b) If the Veteran is found to have periods of ACDUTRA and/or INACDUTRA and the AOJ provides a summary identifying distinct periods of ACDUTRA and/or INACDUTRA the examiner must respond to the following:
i) If an entrance examination is present which includes no notation of tinnitus for the period of ACDUTRA or INACDUTRA, does the evidence of record clearly and unmistakably (undebatable) show that the Veteran had tinnitus prior to his entry to any such period of ACDUTRA or INACDUTRA?
If yes, does the evidence clearly and unmistakably (undebatable) show that the Veteran’s hearing loss and/or tinnitus was not aggravated (permanently worsened beyond its natural progression) by his in-service acoustic trauma?
ii) For any period of ACDUTRA or INACDUTRA for which there is not an entrance examination present, is it at least as likely as not (i.e., 50 percent or greater probability) that the Veteran’s current tinnitus was the result of, or aggravated by, in-service acoustic trauma during that period of ACDUTRA or INACDUTRA?
The examiner is advised that the Veteran is competent to report his symptoms and history and that such report must be acknowledged and considered in formulating any opinion. 
The examiner must provide a rationale for all opinions offered. If the examiner feels that the requested opinion cannot be rendered without resorting to speculation, he/she should state whether the need to speculate is caused by a deficiency in the state of general medical knowledge (i.e. no one could respond given medical science and the known facts), by a deficiency in the record (i.e. additional facts are required), or by the examiner himself/herself (because he/she does not have the needed knowledge or training).
No action is required of the Veteran until he is notified by VA. However, he is again advised of his obligation to cooperate in ensuring the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005); Wood v. Derwinski, 1 Vet. App. 190 (1991). His failure to help procure treatment records, and his failure to report for a VA medical examination, may impact the determination made. 38 C.F.R. § 3.655 (2017). He is also advised that he has the right to submit additional evidence and argument, whether himself or through his representative, with respect to this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999). This appeal must be afforded prompt treatment. The law indeed requires that all remands by the Board of Veterans Appeals (Board) or the United States Court of Appeals for Veterans Claims (Court) are to be handled in an expeditious manner. 38 U.S.C. §§ 5109B, 7112 (2012).

 
A. ISHIZAWAR
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD P. E. Metzner, Associate Counsel